## UNITED STATES of America, Plaintiff—Appellee,

v.

## Charles JACKSON, Defendant— Appellant.

No. 05–10642.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 12, 2006.

Filed June 20, 2006.

---

* The Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation.

738

Jessica Dunsay Silver, Esq., Nathaniel Pollock, U.S. Department of Justice, Washington, DC, for Plaintiff–Appellee.

George G. Walker, Esq., Law Offices of George G. Walker, San Francisco, CA, Stephen Turano, Esq., New York, NY, for Defendant–Appellant.

Before: SCHROEDER, Chief Judge, GRABER, Circuit Judge, and DUFFY,* District Judge.

## MEMORANDUM **

A jury convicted Defendant Charles Jackson, a criminal investigator employed by the Federal Protective Service ("FPS"), of falsifying records in a federal investigation, in violation of 18 U.S.C. § 1519, by omitting a confession made by another FPS officer from an official investigation report. The district court sentenced Defendant to 24 months in prison and 2 years of supervised release. We affirm.

■ 1. The district court denied Defendant's motion for a judgment of acquittal or, in the alternative, for a new trial based on a claim of insufficient evidence to support a conviction. F.B.I. Agent Atkinson testified that Defendant admitted his failure to include the confession of FPS Officer John Haire in Defendant's official report. Defendant told Atkinson "that he wrote a deliberately vague report to protect Haire from administrative, disciplinary or other criminal proceedings." Additionally, Defendant admitted that it was wrong to leave out the confession. That testimony is sufficient to support a conviction under 18 U.S.C. § 1519.

■ 2. The district court instructed the jury on the definition of "knowingly" as used in § 1519. The district court appropriately conformed to the definition provided by Ninth Circuit Model Criminal Jury Instruction 4.06 when it informed the jury that Defendant need not have known that his actions were illegal to fulfill the statutory mens rea requirement. Likewise, the district court did not abuse its discretion in interpreting the scope of the indictment.

■ 3. Defendant next argues that the government committed reversible prosecutorial misconduct both in its cross-examination of Defendant's sole witness and during closing argument. The district court quickly admonished the prosecutor for his improper cross-examination of the witness. In the context of the entire trial and in light of the curative instruction given by the district court, this isolated misconduct did not prejudice Defendant. The government committed no misconduct during closing argument when it commented on the fact that the defense failed to call additional witnesses.

■ 4. Finally, Defendant asserts that the district court improperly applied the 2-level enhancement of U.S.S.G. § 3B1.3 for abuse of a position of public trust. "Impermissible double counting oc-

---

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

curs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Smith,* 196 F.3d 1034, 1036 (9th Cir.1999) (internal quotation marks omitted). Occupying a position of trust is not an element of § 1519. Application of the section 3B1.3 enhancement was appropriate because Defendant's misconduct arose directly from his official capacity as an FPS criminal investigator.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.